IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON WADE BANKS,                                                                                       PLAINTIFF
#552608

v.                                      4:19CV00495-BSM-JTK

KAREN GRANT                                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Jason Banks is an inmate at the Omega Center of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action alleging inadequate mental and medical health care while confined at the Faulkner County Detention Center (Jail). (Doc. No. 2) By Order dated July 31, 2019, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to submit an Amended Complaint within thirty days, noting that he did not allege any specific facts or improper acts by the sole Defendant

2

Grant. (Doc. No. 6) In response to the Order, Plaintiff submitted an "Addendum," in which he stated that he wanted to add the Faulkner County Detention Center and the "ACC" as Defendants, but again, he did not allege any specific facts or improper acts by Defendant Grant. (Doc. No. 8)  Therefore, by Order dated September 5, 2019, this Court granted Plaintiff one final opportunity to submit an Amended Complaint in thirty days, in accordance with directions set out in the July 31, 2019 Order. (Doc. No. 11) However, as of this date, Plaintiff has not submitted an Amended Complaint.

Having reviewed Plaintiff's Complaint and Addendum, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).  An action fails to state a claim

upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

### III.   Facts and Analysis

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp.

4

1114, 1118 (E.D.MO 1993). Plaintiff originally alleged a denial of adequate medical and mental health care at the Jail, but did not mention Defendant Grant or allege any improper acts/omissions by her. In his Addendum, he sought to add the Jail and the ACC as Defendants, claiming a denial of mental health care.

Initially, the Court finds that Defendant Grant should be dismissed, because Plaintiff failed to state a claim upon which relief may be granted against her. In addition, Defendant Faulkner County Detention Facility (Jail) should be dismissed, because it is not considered a "person" within the meaning of 42 U.S.C. § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities). Finally, the Court assumes that when referring to Defendant "ACC," Plaintiff actually means the ADC. However, the ADC is an agency of the State of Arkansas and is protected from § 1983 liability by Eleventh Amendment immunity. See Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988).

Therefore, because Plaintiff failed to submit an Amended Complaint to clarify his allegations against Defendants, the Court finds his Complaint and Addendum should be dismissed, for failure to state a claim upon which relief may be granted.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 8th day of October, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.